NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMETRICE SIGHTLER, | No.    18-55492 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-02235-LAB-RNB |
| v. | |
| DAVID S. NISLEIT; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 11, 2019**
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Demetrice Sightler filed a 42 U.S.C. § 1983 action alleging that defendant

officers ("Defendants") violated his Fourth Amendment rights.  Specifically,

Sightler brought unlawful arrest and excessive force claims against Defendants.

Defendants appeal the district court's denial of their motion for summary judgment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

based on qualified immunity.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo the district court's denial of qualified immunity, and in doing so, we view all evidence in the light most favorable to Sightler.  *See Lopez v. Gelhaus*, 871 F.3d 998, 1005–06 (9th Cir. 2017).  Because the facts are familiar to the parties, we do not recite them here except as necessary.

Although the evidence, viewed in the light most favorable to Sightler, plausibly supports that Defendants may have violated his Fourth Amendment rights, we hold that Defendants are entitled to qualified immunity on all claims because Sightler fails to "identify sufficiently specific constitutional precedents to alert [Defendants that their] particular conduct was unlawful."  *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017).  And he does not argue that this is one of those "rare" cases in which the violation was so obvious that we must conclude that qualified immunity is inapplicable, "even without a case directly on point."  *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 455 (9th Cir. 2013).

Neither the district court nor Sightler, who has the burden of showing that the law was clearly established, "identify a case where an officer acting under *similar circumstances* as [Defendants] was held to have violated the Fourth

---

[1] Sightler also sued the City of San Diego ("City"), and the district court granted summary judgment for the City on all claims made against it.  Sightler does not appeal the district court's grant of summary judgment in favor of the City.

2

Amendment." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (emphasis added). Indeed, none of the cases cited by the district court or Sightler involved either a report of a suspect who was armed with a gun and was threatening to kill a person, or a similar serious situation involving dangerous or exigent circumstances. And none involved facts like the present where a reasonable officer could have objectively believed that the plaintiff resembled the suspect's description. Additionally, none of the cases involved a plaintiff, who not only matched the general description of the suspect, but who was also located in very close physical and temporal proximity to the crime scene.

The district court erred by defining clearly established law "at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Defendants are entitled to qualified immunity because their conduct, even when viewed in the light most favorable to Sightler, did not violate clearly established law. We reverse the judgment of the district court and remand with direction to enter judgment in favor of Defendants.[2]

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**

---

[2] Defendants' motion to transmit physical exhibits (Dkt. No. 9) is GRANTED to the extent Defendants seek leave to transmit the exhibits identified as Appellants' Excerpts of Record, Volume 4, at pages 656 and 658, and the motion is otherwise DENIED. Defendants' motion to augment the excerpts of record (Dkt. No. 10) is DENIED.